■ In the Matter of the Claim of RICHARD C. LEANDRO, Appellant, against KEY MAINTENANCE CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board disallowing a claim for compensation on the ground that the accident did not occur in the course of the claimant's employment. The accident involved took place on the street outside the employer's taxicab garage. The claimant testified as follows: He went to work on December 1, 1954, shortly before 5:00 A.M. going there in his own private pleasure car. When he arrived, he tried to park his car at the curb but found no parking space so he double parked it, went into the garage and reported for work to the dispatcher. The dispatcher told him to take one of the cabs from the curb and put it in the company parking lot so that he would have parking space for his own car. The claimant did this and, while he was about to get into his own car, for the purpose of parking it, he was struck by an oncoming automobile. The company dispatcher on duty at the garage at the time of the accident disputed the claimant's testimony. He testified that he did not see the claimant on the morning in question and that he had no conversation with him with regard to moving a taxicab from the curb and parking his own car in the space. A maintenance man, employed by the company, testified that he was working in the garage on the morning of the accident and that he heard a squeaking of wheels and ran outside the door and saw claimant. He testified that "it appeared to him" that the claimant had been struck while he was attempting to get out of his own automobile on the "wrong" side. The Workmen's Compensation Board, as trier of the facts, rejected the testimony of the claimant and accepted the contrary testimony of the respondents' witnesses. It then concluded that the accident did not occur in the course of claimant's employment. Claimant argues that, even upon the respondents' version, he is entitled to an award but, on that version, we certainly cannot say, as a matter of law, that the claimant was in the course of his employment at the time of the accident. Decision affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.